M. A. PARSONS, Appellant, v. C. G. WRIGHT.

**Construction of Pleadings: LANDLORD AND TENANT.** A complaint by a lessor set out a provision of the lease, that if the lessee held over after a forfeiture, he should pay a certain sum per day as liquidated damages, and alleged damages by failure to pay rent, and that lessee held over, and that such sum per day was justly due. It did not allege an election to declare a forfeiture, nor, in terms, that the sum claimed was for liquidated damages. *Held,* that an answer denying that any sum was due to plaintiff under the lease, was sufficient to put in issue the question whether plaintiff's claim was for liquidated damages, or a penalty.

**Forfeiture of Lease.** An indebtedness from a landlord to his tenant, on account of the former's occupancy of a part of the premises, in an amount in excess of an installment of rent, prevents the non-payment of such installment from working a forfeiture, under a provision of the lease giving the landlord the option to declare a forfeiture for failure to pay the monthly installments of rent when due.

*Appeal from Cedar District Court.*—HON. WILLIAM P. WOLF, Judge.

WEDNESDAY, MAY 26, 1897.

ON August 22, 1895, the plaintiff filed his petition, alleging, in substance, as follows: That on October 1, 1894, he leased, by written contract, set out, to the plaintiff, a certain building, for the period of one year from that date, at the rental of six dollars per month, to be paid at the end of each month. That the defendant failed to pay the rent for the months of July and August, 1895. That said lease provides as follows: "And the said second party further covenants that, in case immediate possession be not given on forfeiture of this lease, or at the expiration of the full term thereof, to pay to the said party the sum of one dollar for each and every day the said premises shall be thus withheld; second party agreeing hereby that the same be the liquidated damages for withholding such possession; time being of the essence of this contract." He alleges that the defendant refused to vacate and deliver possession of said premises to plaintiff; that by the non-payment of said rent said lease was forfeited, and the rent of one dollar per day is now justly due and unpaid; that defendant has been in possession of said premises for the period of sixty days since the non-payment of said rent and forfeiture. In an amendment filed December 5, 1895, plaintiff claims for an additional fifty days' possession, making one hundred and ten days in all, for which he asks to recover one hundred and ten dollars.

He also asks for special execution against the property kept in the building, under provisions of the lease referred to. The defendant answered the original petition September 3, 1895, admitting the execution of the lease and possession of the premises, but denying "that there is any sum whatever due the plaintiff under said lease, and that he is in any way indebted to the plaintiff under said lease." The defendant sets up a counterclaim for certain uses made of said premises by the plaintiff during the year, and for damages caused by plaintiff's refusing to allow him to set up a certain laundry machine in said building. Plaintiff replied, denying the counter-claim, and alleging that under a certain provision of the lease he had a right to refuse to allow said machinery to be set up in said building. The case was tried to a jury, and a verdict returned, "We, the jury, find for the defendant," upon which verdict judgment was rendered. Plaintiff appeals.—*Affirmed.*

*Isaac Landt* for appellant.

*Wright & Wright* for appellee.

GIVEN, J.—I.  It will be observed that this action is not to recover for the monthly rent of six dollars alleged to be due and unpaid, nor to recover for possession of the premises after the expiration of the year for which the lease ran. It is to recover one dollar per day under the provisions of the lease quoted above, upon the theory that the lease had been forfeited. The court instructed as follows: "You are instructed that under the terms of the written lease and under the undisputed evidence, plaintiff, as a matter of law, would not be entitled to recover for forfeiture claimed, but only for the unpaid rent during the time the premises were occupied by defendant, at the rate of six dollars per month, with

interest at six per cent. on each month's rent from the time it became due." Plaintiff complains of this instruction upon the ground that his claim that the one dollar per day is stipulated and liquidated damages is not denied in the answer. The pleadings, though voluminous, are not as definite as they should be. For instance, plaintiff sued to recover for possession held during the term of the lease, relying upon a forfeiture thereof by a failure to pay rent. The lease gives the plaintiff the option to declare a forfeiture for such a failure, but he does not aver that he ever exercised that option, or declared the lease forfeited. Neither does he allege, in terms, that the amount claimed is due as liquidated damages, but simply alleges that the sum "is justly due from defendant." We think defendant's denial that there is any sum whatever due to the plaintiff under the lease was sufficient to put in issue the nature of plaintiff's claim, and to call for an instruction on that subject.

II. Plaintiff contends that the clause in the lease quoted above fixes the one dollar per day as liquidated damages, and not as penalty, and therefore the court erred in giving said instruction. If it be conceded that the provision as to one dollar per day is liquidated damages and not penalty,—a matter we do not determine,—yet, under the uncontradicted evidence, the instruction was not prejudicial to the plaintiff. Under the lease the rent was not payable until the end of each calendar month. Plaintiff says in his petition, filed August 22, 1895, that defendant has neglected and refused to pay the rent for July and August, 1895. The rent for August was not due at the commencement of this action, and the right to then forfeit the lease rested solely upon the failure to pay the six dollars for July. Plaintiff admits in his evidence that he was occupying part of the leased premises with wood, clover seed, and other articles, as charged in the counter-claim; that the

room occupied by the wood would be worth one dollar and fifty cents, the clover seed fifty cents, and the rubbish up stairs fifty cents a month. It is very clear, under the evidence, that the jury was warranted in finding in favor of the defendant on his counter-claim in an amount equal to that due to the plaintiff for rent. This indebtedness of the plaintiff to the defendant existed at the time that the plaintiff claims the lease became forfeited for non-payment of rent, while the fact is that there was no rent due to the plaintiff, and therefore he had no right to forfeit the lease. It seems to us that under the pleadings it was error for the court to allow the plaintiff to recover for the unpaid rent, but of this neither party is complaining. Our conclusion is that the court was fully warranted in instructing the jury that under the terms of the lease and the undisputed evidence the plaintiff was not entitled to recover for the forfeiture claimed. The judgment of the district court is AFFIRMED.